557 P.2d 1108

**Rudolph Warren HUDSON, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 11086.**

Supreme Court of New Mexico.

Dec. 20, 1976.

Shipley, Durrett, Conway & Sandenaw, Wayne A. Jordon, Alamogordo, for petitioner.

Toney Anaya, Atty. Gen., Don D. Montoya, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Justice.

This case presents the issues of whether the search warrant set forth probable cause

for a search and whether an appeal of a criminal case may be summarily affirmed.

Petitioner-appellant-defendant Rudolph Hudson was charged with possession of marijuana and possession of lysergic acid diethylamide. The jury convicted him of both counts. Petitioner appealed to the Court of Appeals which granted summary affirmance pursuant to N.M.R. Crim.App. 601(b)(1) [§ 41–23A–601(b)(1), N.M.S.A. 1953 (Supp.1975)]. We granted certiorari.

In the final analysis petitioner raises two issues on appeal: (1) the memorandum opinion denied petitioner's right to appeal as guaranteed by N.M.Const. art. 6, § 2; and (2) the trial court erroneously denied the motion to suppress evidence because the search warrant was improperly granted. Article 6, § 2 of the New Mexico Constitution gives an aggrieved party "an absolute right to one appeal." Petitioner argues that this right to an appeal means more than a summary disposition by the appellate court, that summary disposition is not an appeal as prescribed by the Constitution. In a criminal appeal he claims that the burden should be on the State to show that the issues have already been decided by the appellate courts and that therefore the cause lacks merit.

**** Pursuant to N.M.Const. art. 6, § 3 this court has superintending control over all inferior courts, and thus the power to regulate and to promulgate rules regarding the pleadings, practice, and procedure affecting the judicial branch of government. *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976); *State ex rel. Anaya v. McBride*, 88 N.M. 244, 539 P.2d 1006 (1975); *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947); *State v. Roy*, 40 N.M. 397, 60 P. 2d 646 (1936). One of the rules which govern appellate procedure is Rule 601 (b) (1), supra. We fail to see how an individual is deprived of this right to an appeal in a criminal case as long as its terms are followed. Rule 601(b)(1) states:

(b) *Decision by Order or Memorandum Opinion.* When the court determines

that one or more of the following circumstances exists and is dispositive of the case, it may dispose of the case by order or memorandum opinion: (1) the issues presented have been previously decided by the Supreme Court or Court of Appeals; . . . . ..

**██ ██** The Court of Appeals, in ordering the summary affirmance in this case, cited to *State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.), cert. denied, 81 N.M. 506, 469 P.2d 151 (1970), and *State v. Everitt*, 80 N.M. 41, 450 P.2d 927 (Ct.App. 1969) as being dispositive of the appeal. That the issues brought up upon appeal were not examined or considered by the Court of Appeals has not been argued; petitioner apparently seeks a written opinion rather than citations to the law dispositive of the case. New Mexico Const. art. 6, § 2, does not require a written opinion and petitioner has cited no authority in support of this contention. Finally, if he meets the requirements of § 16–7–14(B), N.M.S.A. 1953 (Supp.1975) any party may petition for a writ of certiorari if he disagrees with the Court of Appeals' disposition, which is what petitioner did.

Having disposed of the preliminary issue, we now turn to the substantive issue presented by petitioner. That issue is the following: Based upon the matters stated in the search warrant, was it properly issued by the magistrate? Petitioner argues that the search warrant failed to meet part of the two-pronged test first set forth in *Aguilar v. Texas*, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964):

Although an affidavit may be based upon hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed *of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were,* and some of the underlying circumstances from which the officer concluded that the informant, whose identity need

not be disclosed, see *Rugendorf v. United States*, 376 U.S. 528, 84 S.Ct. 825, 11 L. Ed.2d 887, was "credible" or his information "reliable" (emphasis added).

This test was adopted in N.M.R.Crim.P. 17(f) [§ 41–23–17(f), N.M.S.A.1953 (Supp. 1975)], which states in part:

> *Probable Cause.* As used in this rule, "probable cause" shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and *for believing that there is a factual basis for the information furnished* (emphasis added).

The State argues that the warrant does meet the test.

The warrant reads as follows:

> Information was received by the affiant from a reliable and credible confidential source that the named defendant, Rudolph W. 'Rudy' Hudson had obtained a quantity of controlled substances including marijuana in bulk form and that he had broken those materials down into smaller quantities for sale to users throughout Otero County. The confidential source related that Hudson had obtained marijuana in bricks and was packaging it into baggies at his residence in Tularosa, New Mexico. The confidential source also related that Hudson wp uld (sic) be taking the controlled substance to Alamogordo for sale to users and was enroute there at the time of this telephone call to the affiant. The confidential source has provided the affiant with information concerning illicit drug use and trafficking within Otero County many times during the past two years and his information has always proven reliable. It resulted in the seizure of illicit drugs and the arrest and convictions of suspects.

■ The trial court deleted the following portion of the search warrant:

> After this telephone call was received the Defendant Hudson was stopped by Officer Dave Phillips and Detective Ray

Bailey and was found to be in possession of seven (7) baggies of marijuana and a number of nandrolled [sic] marijuana cigarettes. A field test indicated the material to be marijuana. This stop was made at 15th & Michigan, Alamogordo, New Mexico at about 5:00 pm, February 3, 1976.

The State failed to preserve as error this deletion by the trial court and failed to appeal it; thus it is not before us. Section 21–10–2.1(B)(2), N.M.S.A.1953 (Supp. 1975); *cf. State v. Buchanan,* 78 N.M. 588, 435 P.2d 207 (1967). Had this paragraph been before us, there may have been sufficient corroborative evidence to validate the infirmity of the search warrant, *Spinelli v. United States,* 393 U.S. 410, 415, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), which was, as is discussed below, the insufficient description of the underlying circumstances. However, since the record was not perfected and that paragraph is not before us, we cannot read that corroborating statement into the affidavit for the search warrant.

■ The issue is: was there a substantial basis for believing that there is a factual basis for the information furnished, or in the words of *Aguilar,* what were some of the underlying circumstances from which the informant concluded that the controlled substances were where he claimed they were? We hold that the factual bases alleged in the aforementioned search warrant were insufficient to issue the search warrant. First, it is impossible to ascertain whether the informant personally saw that Hudson possessed bricks of marijuana and other controlled substances and that he was breaking them down into smaller quantities, or whether the informant was basing these allegations upon another person's personal knowledge thereof, or whether the informant may have heard that a shipment of marijuana had recently arrived in Tularosa and inferred therefrom that petitioner received it and had to break down the bricks in order to distribute the marijuana. The informant failed to give detailed information which would tend to persuade a neutral and detached magistrate

that controlled substances indeed had arrived and were being distributed. The search warrant merely stated conclusions alleging possession, parcelling and distribution. This fails to meet one of the tests enunciated in *Aguilar* and in N.M.R. Crim.P. 17, supra.

In a case much like the one before us, the United States Supreme Court in *Spinelli v. United States*, supra, further elaborated upon the requirement of the factual circumstances underlying an informant's tip. There the confidential reliable informant told the FBI that " '. . . William Spinelli is operating a handbook and accepting wagers and disseminating wagering information by means of the telephones which have been assigned the numbers Wydown 4–0029 and Wydown 4–0136.' " This and other described activity were contained in the affidavit for search warrant. The majority then held that the informant's information was also insufficient:

> The tip does not contain a sufficient statement of the underlying circumstances from which the informer concluded that Spinelli was running a bookmaking operation. We are not told how the FBI's source received his information—it is not alleged that the informant personally observed Spinelli at work or that he had ever placed a bet with him. Moreover, if the informant came by the information indirectly, he did not explain why his sources were reliable. Cf. *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.
>
> 393 U.S. at 416, 89 S.Ct. at 589.

*State v. Everitt*, supra, offers no support for the Court of Appeals' summary affirm-

ance, because there the only search pursuant to a search warrant was not contested. *State v. Torres*, supra, is on point but there the affidavit had sufficient specificity to allow the magistrate to issue the search warrant and the facts were within the personal knowledge of the affiant. See also *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974); *State v. Montoya*, 86 N.M. 119, 520 P.2d 275 (Ct.App. 1974) (special concurrence); *State v. Perea*, 85 N.M. 505, 513 P.2d 1287 (Ct.App. 1973); *State v. Lewis*, 80 N.M. 274, 454 P. 2d 360 (Ct.App.1969), rev'd on other grounds, *State v. Nemrod*, 85 N.M. 118, 509 P.2d 885 (Ct.App.1973); cf. *In Re One 1967 Peterbilt Tractor, Etc.*, 84 N.M. 652, 506 P.2d 1199 (1973); *State v. Gorsuch*, 87 N.M. 135, 529 P.2d 1256 (Ct.App.1974).

The trial court and the Court of Appeals are reversed. The case is remanded to proceed in a manner consistent herewith.

MONTOYA and EASLEY, JJ., concur.

OMAN, C. J., and McMANUS, J., dissent.