568 P.2d 267

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Sammy DURAN, Michael Kaiser and Lonnie B. Smith, III, Defendants-Appellants.**

**No. 3095.**

Court of Appeals of New Mexico.

Aug. 9, 1977.

Jan A. Hartke, Chief Public Defender, Santa Fe, Michael Stout, Asst. Public Defender, Roswell, William H. Lazar, Asst. Appellate Defender, Santa Fe, Tandy L. Hunt, Hunt and Shamas, John Capps, Roswell, for defendants-appellants.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

HENDLEY, Judge.

Defendants were charged with possession of over eight ounces of marijuana contrary to § 54–11–23(B)(3), N.M.S.A.1953 (Repl. Vol. 8, pt. 2, 1962, Supp.1975). Their motions to suppress the evidence seized were based on the insufficiency of the affidavit for the search warrant. The trial court denied the motions. We granted an interlocutory appeal on the condition that the parties show why the order denying the motion to suppress should not be summarily reversed on the authority of *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976).

An affidavit, upon which the search warrant was issued, was filed in Chaves County New Mexico Magistrate Court in Cause No. 246872 with the heading of *State of New Mexico v. Orlando Quintana.* The place and persons described in the warrant were:

"1.  A white house with pink trim facing north and giving the address of Number 7 East Wells, at the R.I. A.C.

"2.  Orlando Quintana, and all occupants at this residence.

"3.  All vehicles, all out buildings and ground at this residence."

The items described were marijuana, paraphernalia and "[a]ny fruits of the crime which is contrary to the statutes of New Mexico State Laws."

The factual aspects given in the affidavit are:

"1.  That within the last 2 months have received information that the occupants of this house are selling marijuana.

"2.  That on 2–10–77 received information from a confidential informant that subject or subjects at this residence did have a quanity (sic) of marijuana and were selling at this time.

"3.  That this informant has furnished information which has led to the recovery of stolen property.

"4. That on several occassions (sic) this officer has seen several cars parked at this residence.

"5. That this is believed to be probable cause for the issuance of a search warrant."

The record does not reveal nor is it claimed that other information was brought to the attention of the issuing magistrate. R.Crim.P. Rule 17(f). Necessarily, we only consider the information brought to the magistrate's attention.

Pursuant to the warrant a search was made and contraband was found. The return and inventory shows that the warrant was served on Lonnie Smith. The trial court, in its order denying the motion to suppress, found the following:

"4. All parties stipulated that Orlando Quintana was not a resident of the place searched on February 10, 1977.

"5. All parties stipulated that at least two of the three defendants affected by this search have conspicuous physical handicaps. Lonnie B. Smith III is confined to a wheelchair and Michael Kaiser has an obviously disabled arm.

"6. The Court finds that the affidavit for search warrant present probable cause for the issuance of the search warrant."

The issue is whether the affidavit contained sufficient reliable factual information so that the issuing magistrate, acting as a neutral and detached evaluator, could determine whether probable cause existed for the issuance of the search warrant. Stated another way, was the magistrate informed of "the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable.'" *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723 (1964) cited in *Hudson v. State*, supra. See also, R.Crim.P. Rules 17(f).

We discuss the factual aspects of the affidavit and in doing so we are not unmindful of the standards set forth for viewing affidavits for search warrants, *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970), that is, a common sense reading of the affidavit as a whole.

First, in so viewing the affidavit we find nothing more than conclusionary statements without a factual predicate. Given the nature of the physical characteristics of two of the occupants, coupled with the naming of Orlando Quintana (who does not appear to be a party, participant, or occupant of the house) we entertain serious doubts as to whether the informant's *present* information is truthful or reliable.

Second, common sense in the ordinary daily events, dictates that the affidavit was deficient for a neutral and detached evaluation of probable cause. The information gained appears as nothing more than rumor. It is of vital importance that the *reliable* confidential informant or affiant describe the criminal activity in sufficient detail so that the magistrate has something substantial to rely on and not a casual rumor circulating in the underworld. See *Hudson v. State*, supra. Nowhere are we given the factual basis of any personal knowledge either by the informant or the affiant.

The affidavit was deficient. The search and subsequent seizures were unlawful. The motion to suppress should have been granted.

Reversed.

IT IS SO ORDERED.

WOOD, C. J., and HERNANDEZ, J., concur.