640 P.2d 485
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Juan Lorenzo BACA,
Defendant-Appellant.**

No. 13088.

Supreme Court of New Mexico.

Feb. 9, 1982.

Martha A. Daly, Appellate Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SOSA, Senior Justice.

Defendant was convicted of first-degree murder and sentenced to life in prison. Defendant appeals, challenging the trial court's denial of his motion to suppress evidence seized pursuant to a search warrant. We reverse the trial court and remand for a new trial.

An officer employed by the Bernalillo County Sheriff's Office swore out an affidavit to seek a warrant to search a house and certain vehicles [1] located at 5737 Del Frate Place in northwest Albuquerque. The affidavit contained information from an eyewitness, hearsay information from two confidential informants, and police investigation results.

◼ A fundamental principle of search and seizure law is that, before a neutral and detached judge can issue a search warrant,

1. The blue 1965 Chevrolet Impala identified by the eyewitness as the getaway car was not included.

two conclusions must be supported by substantial evidence: (1) that the items sought to be seized are evidence of a crime; N.M. R.Crim.P. 17, N.M.S.A.1978 (Repl.Pamp. 1980); and (2) that the criminal evidence will be located at the place to be searched. *See State v. Ferrari*, 80 N.M. 714, 460 P.2d 244 (1969).

Application of the above principle to the case at bar establishes that the defendant's motion to suppress should have been granted.

(1) The evidence sought to be seized included:

A handgun which is possibly .32 caliber and of unknown manufacture, model or serial number; ammunition which would chamber in the above weapon; spent shell casings of ammunition that could be chamber [*sic*] in the above weapon; utility statements, letters, or other documents indicating the defendants to be occupants of the above premises; clothing which may have been stained by blood.

With the exception of the utility statements, letters and other documents, there is substantial evidence to support a conclusion that the items sought would be evidence of the murder in this case. As stated in the affidavit, projectiles of .32-caliber bullets were found in the body of the deceased, and the cause of his death was determined to be a result of multiple shotgun wounds.

(2) The only information in the affidavit which would establish that the items could be found in the house is the following:

The informant also stated that he has first-hand knowledge that Juan Baca, Peter Baca and Anthony Baca *from time to time occupy the above described premises* .... Affiant states that the 4500 block of Rincon NW [where the getaway car was found abandoned] is within a five-mile radius of the above described premises. [Emphasis added.]

■ This information does not provide substantial evidence to support a conclusion that the items sought would be found in the named premises. Although a showing of probable cause that a person has committed a crime will permit a reasonable inference that evidence of the crime will be found in his house, *State v. Ferrari, supra,* such a principle is not applicable to this case. A neutral and detached judge cannot ascertain from a reading of the affidavit whether the defendant occupied the named premises during the time material to this cause. In fact, it is clear from the affidavit that the affiant himself was not satisfied that the defendant occupied the premises. Otherwise, he would not have sought to seize documents which would prove that the defendant occupied the named premises. Furthermore, nothing in the affidavit would apprise a neutral and detached judge that the items sought would be found at the named premises if the defendant did not live there. Also, the fact that the getaway car was found abandoned in a five-mile radius of the named premises is of no assistance in establishing that the items sought would be found there.

■ Another reason exists why the defendant's motion to suppress should have been granted. The facts in the affidavit failed to establish "probable cause" as required by our constitutions and rules of criminal procedure. U.S.Const. amend. IV; N.M.Const., Art. II, § 10; N.M.R.Crim.P. 17(a), N.M.S.A.1978 (Repl.Pamp.1980).

"[P]robable cause" shall be based upon substantial evidence, which may be hearsay in whole or in part, *provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished.* [Emphasis added.]

N.M.R.Crim.P. 17(f).

This same two-pronged test is that which was established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Application of the two-pronged test to the facts in the affidavit supports a conclusion that probable cause was not established.

As to the information provided by the first confidential informant, the affidavit states:

Detective Kline, interviewed a confidential informant offering information regarding the death of Toby Baca. According to Detective Kline, the informant stated that he, the informant, had first hand personal knowledge that Juan Baca and Peter Baca had ready access to a 1965 Chevrolet Impala automobile, which is blue in color. The informant also stated to Detective Kline that Juan Baca is known by the informant to be involved in narcotics transactions. The informant also stated that he has personal knowledge that Juan Baca often carries what the informant believes to be a .32 semiautomatic pistol.... Informant also told Detective Kline that the 1965 Chevrolet is owned by a member of the defendants' immediate family.

The first question we address is whether there are sufficient underlying circumstances in the affidavit from which the judge could conclude that the informant is credible. The case at bar does not involve the situation where the informant's statements are against his own interests, *United States v. Harris*, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), or where the informant's tips had proven true in the past, *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). We must rely on corroborative information to support the informant's credibility. *See State v. Jones*, 96 N.M. 14, 627 P.2d 409 (1981).

The corroborative information offered in the affidavit was:

A. Albuquerque Police located a 1965 Chevrolet identified by an eyewitness as the one he saw at the scene of the murder;

B. an identification (uncertain by whom) of Anthony Baca as the person who abandoned the Chevrolet;

C. the fact that the caliber of the bullets used and identification of the suspects was not released in the press;

D. Merlinda Baca was the registered owner of the vehicle; the confidential informant stated she was in the immediate family of the defendants (without any basis);

E. defendant had an arrest record for narcotic-related offenses and aggravated assault.

This information, when taken together, corroborates the credibility of the informant. However, the test we apply is two pronged, from which we cannot deviate. *Cf. State v. Dalrymple*, 80 N.M. 492, 458 P.2d 96 (Ct.App.1969).

The next question is whether the affidavit informs the judge of the underlying circumstances from which the informant based his conclusions. Our answer is in the negative.

The most that may be ascertained from the affidavit is that the informant stated that he had "first hand personal knowledge" of the information he provided to the affiant. This is insufficient. *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976), *cert. denied*, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977). It is for the neutral and detached judge to determine from the affidavit whether probable cause exists. A police officer is not vested with that authority. *Johnson v. United States*, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). In order to assist the judge in making this determination, it is necessary that the affidavit provide a factual basis for the informant's personal knowledge, *State v. Duran*, 90 N.M. 741, 568 P.2d 267 (Ct.App.1977), such as observations or dealings with the defendant. *State v. Garcia*, 90 N.M. 577, 566 P.2d 426 (Ct.App.), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977).

It is the conclusory statement that the informant had personal knowledge which negates the validity of the affidavit and the facts advanced in support of a showing of probable cause. A judge cannot ascertain from a reading of the affidavit whether the informant knows the parties named in the affidavit, has actually seen the defendant carry a .32-caliber pistol, drive the Chevrolet, or whether the informant bases his information on mere hearsay or rumor.

In the absence of underlying circumstances establishing the basis of an informant's conclusion, the affidavit will sufficiently es-

tablish probable cause if the informant describes the criminal activity in such detail that a judge will know the informant relies on more than a casual rumor or reputation of the defendant. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In this case, there is no description of criminal activity. All that is stated by the informant describes innocent activity. A good number of the population share an apartment with others, have access to a vehicle owned by another, and own a pistol. In addition, the fact that the informant stated that the defendant was known by the informant to be involved in narcotic transactions "is but a bald and unilluminating assertion of suspicion that is entitled to no weight in appraising the [judge's] decision." *Spinelli, supra* at 414, 89 S.Ct. at 588, citing *Nathanson v. United States*, 290 U.S. 41, 46, 54 S.Ct. 11, 12, 78 L.Ed. 159 (1933).

Even assuming that the information provided did describe criminal activity, the detail was insufficient to apprise the judge that the informant was not relying on rumor or reputation. Compare the detail provided in *Draper, supra* (the seemingly-innocent detail went toward an *ongoing* criminal activity); and *State v. Torres*, 81 N.M. 521, 469 P.2d 166 (Ct.App.), *cert. denied*, 81 N.M. 506, 469 P.2d 151 (1970) (eyewitness identification of the defendant and his clothing); *contra, Hudson, supra* (conclusory statements of possible criminal activity without more).

Turning next to the second informant's tip, it is clear that this tip fails to establish probable cause. All the informant stated was, "[i]f you want to know who killed Toby Baca, go and get Juan and Peter Baca." No basis was provided for this information, no detail given and no credibility established. The conclusory statement is not corroborated by any other information in the affidavit. In addition, probable cause cannot be established or justified by what is revealed by the search. *See Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

When looking at all of the information in the affidavit, probable cause was not established. An aggregate of discrete bits of information, each defective, cannot add up to probable cause. *State v. Brown*, 96 N.M. 10, 626 P.2d 1312 (Ct.App.1981). All that remain are the defendant's record and eyewitness identification of the 1965 Chevrolet. The information provided was insufficient to establish probable cause to search the premises named in the affidavit. The defendant's motion to suppress should have been granted.

The defendant's conviction is reversed; this cause is remanded for a new trial not inconsistent with this opinion.

IT IS SO ORDERED.

FEDERICI, J., concurs.

PAYNE and RIORDAN, JJ., specially concur.

EASLEY, C. J., respectfully dissents.

PAYNE and RIORDAN, Justices, specially concurring.

We agree that the defendant's conviction must be reversed and this case remanded for a new trial.

A review of the affidavit for the search warrant in this case leaves us with the inescapable conclusion that it does not contain probable cause to search the house described in the warrant. Even assuming that the reliability of the information is established by the contents of the affidavit, probable cause to search the house is lacking.

We do not feel it is necessary to discuss whether the two-prong test established by *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), has been met.