642 P.2d 1139
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John VAN DE VALDE,
Defendant-Appellant.**

No. 5336.

Court of Appeals of New Mexico.

March 4, 1982.

Lawrence W. Allred, Toulouse, Toulouse & Garcia, P. A., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of possession of a controlled substance—cocaine—contrary to § 30–31–

23(B)(5), N.M.S.A.1978 (1980 Repl.Pamph.); § 30–31–2, N.M.S.A.1978 (1981 Supp.); and §§ 30–31–6 and –7, N.M.S.A.1978 (1980 Repl.Pamph.), defendant appeals. Defendant contends the trial court erred in setting aside the plea and disposition agreement and that the affidavit for the search warrant does not establish probable cause. We discuss only the affidavit issue and reverse.

The affidavit states in pertinent part:

On 11/30, 1980 a confidential source informed affiant that pursuant to a conversation between defendant and a female juvenile, on 11/30/80 identified as D. K., the source had learned that the defendant was going to Albuquerque, N. Mex. with the intent of obtaining three grams of cocaine and that the defendant was to bring the cocaine with him to Los Alamos, New Mexico.

The female juvenile agreed to go with the defendant for purposes of obtaining the cocaine, with the condition that they return to Los Alamos, N.M. the evening of the 30th of Nov., 1980. Both the defendant and the female juvenile departed from Los Alamos at approx. 4:00 PM on 11/30/80. The vehicle driven by the female juvenile to the defendant's apartment, was observed parked there and it is affiant's belief that the two individuals went to Albuq., N.M. in defendants [sic] vehicle.

The confidential source has lived in Los Alamos, N.M. for a large number of years and holds a position of respect and reliability within the community, and is known to affiant from previous associations.

Affiant has received previous information from other reliable sources to the effect that Defendant is a frequent user of cocaine and has a source of supply in Albuq., N. Mex.

A search warrant was issued on the affidavit. Defendant was subsequently stopped and, during the search, cocaine was found.

■ The facts set forth in the affidavit must establish probable cause. U.S.Const.

amend. IV. Probable cause is defined in N.M.R.Crim.P. 17(f), N.M.S.A.1978 (1980 Repl.Pamp.). It states:

> *Probable cause.* As used in this rule, "probable cause" shall be based upon substantial evidence, which may be hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished....

*See, Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

■ Here, we have no factual basis for the information furnished. There is an absence of the underlying circumstances to establish the basis of how the confidential source gained the information that defendant was going to Albuquerque to buy cocaine. The language "pursuant to a conversation" is, at best, unclear and does not track the language "between defendant and a female juvenile." One has to speculate as to how the confidential source learned of the conversation. It may have been by underworld rumor. *State v. Duran,* 90 N.M. 741, 568 P.2d 267 (Ct.App.1977). Even assuming that the reliability of the information is established by the contents of the affidavit, probable cause to search the defendant and his automobile is still lacking. *See,* specially concurring opinion of Justices Payne and Riordan in *State v. Baca,* N.M., 640 P.2d 485 (1982). The motion to suppress should have been granted.

The cause is reversed and remanded to the trial court for proceedings consistent herewith.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.