This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38288

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**STEPHANIE MARSHALL a/k/a**
**STEPHANIE DEAN,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The State appeals the district court's grant of a motion to suppress evidence obtained in association with the issuance of a warrant. We conclude that the affidavit submitted in support of the warrant was sufficient to establish probable cause. We therefore reverse and remand for further proceedings.

**BACKGROUND**

**{2}** Agent Samuel Lueras of the Otero County Sheriff's Office prepared an affidavit, which provided in pertinent part:

> Affiant learned from a documented confidential reliable informant (CI) . . . that within the last 72 hours, a quantity of [m]ethamphetamine consistent with trafficking or distribution has been seen by the CI in the possession of [Defendant] . . . which she is selling in the Alamogordo, Otero County, New Mexico [a]rea. The CI states the above named [D]efendant keeps the [m]ethamphetamine in her chest area inside her bra.

The affidavit also stated that the CI was "familiar with what [m]ethamphetamine looks like [and] how it is packaged and sold, as the CI is an admitted past user and seller of illicit drugs," and that when questioned by Agent Lueras about "drug trafficking and the appearance, price, use and effects of various street drugs[,]" the CI "demonstrated extensive knowledge about street drugs, including methamphetamine."

**{3}** A magistrate reviewed the affidavit, found probable cause, and issued a warrant authorizing a search of Defendant's person for controlled substances and associated paraphernalia. When Agent Lueras sought to execute the warrant, Defendant admitted having "a lot" of methamphetamine in her bra and handed over three baggies containing over 105 grams of methamphetamine, as well as a glass pipe and a quantity of marijuana.

**{4}** Defendant subsequently moved to suppress, contending the affidavit submitted in support of the warrant was insufficient to establish probable cause. The district court granted the motion. This appeal followed.

## STANDARD OF REVIEW

**{5}** The issuance of a search warrant is reviewed under a substantial basis standard. *State v. Williamson*, 2009-NMSC-039, ¶¶ 29-30, 146 N.M. 488, 212 P.3d 376. "[T]he substantial basis standard of review is more deferential than the de novo review applied to questions of law, but less deferential than the substantial evidence standard applied to questions of fact." *Id.* ¶ 30. This "deferential standard of review is appropriate to further the strong preference for searches conducted pursuant to a warrant" and to encourage "police officers to procure a search warrant." *State v. Trujillo*, 2011-NMSC-040, ¶ 18, 150 N.M. 721, 266 P.3d 1 (omission, internal quotation marks, and citation omitted).

**{6}** "The Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution both require probable cause to believe that a crime is occurring or seizable evidence exists at a particular location before a search warrant may issue." *Williamson*, 2009-NMSC-039, ¶ 14 (alterations, internal quotation marks, and citation omitted). Probable cause exists when "there are reasonable grounds to believe that a crime has been committed in that place, or that evidence of a crime will be found there." *State v. Evans*, 2009-NMSC-027, ¶ 10, 146 N.M. 319, 210 P.3d 216.

**{7}** "[W]hen an application for a search warrant is based on an affidavit, the affidavit must contain sufficient facts to enable the issuing magistrate independently to pass judgment on the existence of probable cause." *Williamson*, 2009-NMSC-039, ¶ 30 (internal quotation marks and citation omitted). This requires that the probable cause determination be based on "more than a suspicion or possibility but less than a certainty of proof." *Evans*, 2009-NMSC-027, ¶ 11 (internal quotation marks and citation omitted). We do not substitute our judgment for that of the issuing court. *Williamson*, 2009-NMSC-039, ¶ 29. Rather, "the reviewing court must determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing." *Id.*

## DISCUSSION

**{8}** In this case, the determination of probable cause was predicated upon a number of hearsay statements made by a CI to Agent Lueras. Hearsay may support the issuance of a warrant "provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished." Rule 5-211(E) NMRA; *accord State v. Cordova*, 1989-NMSC-083, ¶ 6, 109 N.M. 211, 784 P.2d 30 (observing that the allegations of an informant can provide probable cause to issue a search warrant if both the credibility of the informant and the basis of the informant's knowledge are demonstrated). Here, the CI's credibility has been conceded; the basis of the CI's knowledge is the only matter in dispute. We limit the scope of our discussion accordingly.

**{9}** With respect to the portion of the affidavit that concerns Defendant's possession of a quantity of methamphetamine consistent with trafficking, the affidavit clearly reflects that the information supplied by the CI was based on first-hand knowledge, gained by virtue of the CI's visual observation of Defendant. It is well established that first-hand observations satisfy the basis of knowledge requirement. *See State v. Barker*, 1992-NMCA-117, ¶ 5, 114 N.M. 589, 844 P.2d 839 ("First-hand observations by the informant serve to meet the 'basis of knowledge' . . . test."); *see also State v. Lujan*, 1998-NMCA-032, ¶ 12, 124 N.M. 494, 953 P.2d 29 ("The first-hand observation of the informant satisfies the 'basis of knowledge' prong; the words 'observed' or 'personally observed' are not required as technical formalities in all cases to establish first-hand knowledge.").

**{10}** In regard to the portion of the affidavit concerning the precise location of the methamphetamine on Defendant's person, it is not clear that such specificity is required. *See generally State v. Doran*, 1986-NMCA-126, ¶ 11, 105 N.M. 300, 731 P.2d 1344 ("Probable cause which will authorize a judge or magistrate to issue a search warrant requires a showing of a state of facts which leads the issuing judge . . . to reasonably believe that an accused . . . is in possession of illegal property[.]" (internal quotation marks omitted)); *cf. State v. Donaldson*, 1983-NMCA-064, ¶ 13, 100 N.M. 111, 666 P.2d 1258 ("In determining probable cause, the court must interpret the affidavit in a common sense and realistic fashion and must not require technical requirements of elaborate specificity."). Nevertheless, to the extent that this is a material consideration, a common-

sense reading of the affidavit reflects that the CI's visual observation again supplies the basis of knowledge. *See Lujan*, 1998-NMCA-032, ¶ 12 ("When, as in this case, first-hand knowledge naturally and logically flows from a common-sense reading of the affidavit, that will suffice.").

**{11}** With respect to the portion of the affidavit addressing Defendant's active sales of methamphetamine in the area, the basis of the CI's knowledge is less clear. Although the informant might have personally observed the trafficking, the assertion may also be premised upon inference, rumor, or conjecture. This ambiguity diminishes the value of that aspect of the affidavit. *See, e.g.*, *Cordova*, 1989-NMSC-083, ¶¶ 2, 21 (holding that the basis of a confidential informant's knowledge was inadequately established where the informant simply stated that an individual was "currently selling heroin" without indicating that this was premised upon first-hand observation of trafficking (internal quotation marks omitted)). However, this is not a fatal deficiency. As previously stated, the portion of the affidavit establishing the CI's first-hand observation of Defendant possessing methamphetamine is sufficient to establish probable cause. *See, e.g.*, *State v. Ramirez*, 1980-NMCA-108, ¶¶ 3-4, 95 N.M. 202, 619 P.2d 1246 (holding that a statement in an affidavit that the informant saw the defendant possessing heroin was sufficient to satisfy the basis of knowledge test, as it clearly established that the informant obtained the information through personal observation and ultimately holding that this was sufficient to establish probable cause).

**{12}** Defendant contends that an unpublished decision, *State v. Belknap*, No. 35,195, mem. op. (N.M. Ct. App. Mar. 6, 2017) (non-precedential), requires a different result. In *Belknap*, a confidential informant personally observed a quantity of marijuana in the defendant's possession. *Id.* ¶ 11. Ultimately, this observation was deemed insufficient to support the issuance of a warrant. *Id.* ¶ 15. As the opinion tacitly reflects, the informant's first-hand observation of the defendant's possession of marijuana was insufficient to establish probable cause because marijuana could be legally possessed under certain circumstances.[1] *See, e.g.*, Lynn and Erin Compassionate Use Act (Compassionate Use Act), NMSA 1978, §§ 26-2B-1 to -10 (2007, as amended through 2021) (allowing the beneficial use of medical cannabis in a regulated system for alleviating symptoms caused by debilitating medical conditions and their medical treatments). Therefore, substantiation of the additional allegation of trafficking was critical. Because the affidavit submitted in support of the warrant failed either to specify that the informant had personally observed distribution or to supply sufficient detail that would otherwise support the allegation of criminal activity, it was insufficient to establish probable cause. *Id.* ¶¶ 12-14.

**{13}** Here, in contrast, the informant observed Defendant in possession of methamphetamine, which is categorically prohibited. *Cf. State v. Aragon*, 2010-NMSC-008, ¶ 36, 147 N.M. 474, 225 P.3d 1280 (indicating that the possession of any amount

---

[1] As this Court specifically noted, the defendant was authorized to possess and grow marijuana under the Compassionate Use Act; a critical fact of which the affiant was aware, but failed to mention. *Id.* ¶¶ 3, 5. However, insofar as the probable cause analysis is confined to the four corners of the affidavit, this did not factor directly into this Court's analysis. *See id.* ¶¶ 7, 16.

of a controlled substance is sufficient evidence to sustain a conviction for possession of a controlled substance), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. As a result, it was not necessary to demonstrate probable cause to believe Defendant was engaged in distribution, either by virtue of first-hand observation of trafficking or by means of a detailed description of conditions consistent with distribution. We therefore conclude that *Belknap* is inapposite.

**{14}** Defendant further contends that an affidavit based on a confidential informant's first-hand observation of criminal conduct without detailed information about the circumstances of the observation should not be regarded as sufficient to establish probable cause. Defendant observes that affidavits typically supply further detail, even in cases in which affidavits make clear that the informant's knowledge is based on first-hand observation. Defendant therefore argues that such detail should be universally required in order to verify informant allegations. However, that proposition is not consistent with our established jurisprudence. As our Supreme Court has indicated, only when an affiant fails to affirmatively state the informant's basis of knowledge is greater detail required. *See Cordova*, 1989-NMSC-083, ¶ 9 ("[*W*]hen an affidavit does not affirmatively state an informant's basis of knowledge, it may be inferred that an informant who otherwise is known to be credible obtained the information set forth in the affidavit in a reliable fashion if the tip contains enough detail to be self-verifying." (emphasis added)).

**{15}** The various authorities upon which Defendant relies illustrate the importance of detail in the absence of a clear statement that first-hand observation of criminal activity supplied the basis of the informant's knowledge. *See State v. Haidle*, 2012-NMSC-033, ¶¶ 16, 25-27, 285 P.3d 668 (explaining that a detailed description may compensate where an affidavit fails to indicate that first-hand observation supplied the basis of informants' knowledge); *Cordova*, 1989-NMSC-083, ¶¶ 2, 23-25 (holding that an affidavit was insufficient to establish an informant's basis of knowledge where it did not indicate that the informant had personally observed trafficking, and it lacked sufficient detail to be self-verifying); *State v. Baca*, 1982-NMSC-016, ¶¶ 16-18, 97 N.M. 379, 640 P.2d 485 (explaining that detail was required because the affidavit did not provide a factual basis for the informant's conclusory assertion of personal knowledge of criminal conduct, such as observations or dealings with the defendant, such that the judge could not tell from the affidavit whether the informant had actually seen the defendant engage in criminal conduct, or whether the informant was relying on hearsay or rumor); *Lujan*, 1998-NMCA-032, ¶¶ 11-12 (explaining that where the affidavit does not explicitly state that the informant personally observed the criminal conduct in question, the basis of knowledge requirement may be satisfied if first-hand knowledge naturally and logically flows from a common-sense reading of details set forth in the affidavit). As previously stated, that is not the situation presented in this case. We therefore decline to hold that additional detail was required.

**{16}** Finally, we note that the concluding authorities upon which Defendant relies deal with distinguishable scenarios. *See State v. Knight*, 2000-NMCA-016, ¶ 18, 128 N.M. 591, 995 P.2d 1033 (holding that an affidavit failed to establish basis of knowledge

where the informant "related hearsay information without providing any information about the manner in which the source of the information had acquired it"), *holding limited by Williamson*, 2009-NMSC-039, ¶ 29; *State v. Lovato*, 1994-NMCA-042, ¶ 10, 118 N.M. 155, 879 P.2d 787 (recognizing the inadequacy of an affidavit to establish probable cause to search that merely provided a detailed description of the outside of a motel room and a controlled buy without providing any information linking the defendants to either the room to be searched or the controlled buy). We therefore reject the suggestion that they require a different result.

**CONCLUSION**

**{17}**    We conclude that the affidavit provided the issuing judge with sufficient information to establish the basis of the CI's knowledge of Defendant's possession of methamphetamine. Thus, the finding of probable cause was adequately supported, and the motion to suppress was improperly granted. Therefore, we reverse and remand for further proceedings.

**{18}    IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**