760 P.2d 796
**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Earl L. JONES, Defendant–Appellee.**

**No. 10348.**

Court of Appeals of New Mexico.

June 28, 1988.

Certiorari Denied Aug. 9, 1988.

Hal Stratton, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

**504**

Wendy E. York, Albuquerque, M.J. Collopy, Hobbs, for defendant-appellee.

OPINION

BIVINS, Judge.

■ The state appeals a district court order suppressing all evidence seized pursuant to a search warrant. The sole issue is whether the district court erred in its determination that the search warrant issued constituted a general search warrant and, therefore, violated the fourth amendment to the United States Constitution. We hold that where the complexity of the criminal investigation requires piecing together a number of items of evidence that may not appear incriminating when taken alone, the fourth amendment prohibition against unreasonable searches and seizures must be applied with a practical margin of flexibility. When so applied here, we determine the search warrant proper and reverse.

The affidavit for search warrant, made by an undersheriff, recites that the Tatum police received information that defendant, the owner of Chaveroo Supply, Inc. (Chaveroo), an oil field supply business, had purchased a large quantity of new connections from a roustabout at a fraction of their retail value (11%). Defendant paid for these items by check. It further states that the roustabout had confessed to stealing the connections from Phillips Petroleum Company. The affidavit continues that defendant's knowledge of the value of new connections, coupled with the small amount paid to someone who would not be expected to own a large quantity of new connections, suggested that defendant knew the items had been stolen.

The affidavit also recites that the criminal investigation had been initiated based on statements of an employee of Chaveroo, who had seen a list of the connections purchased from the roustabout. The list was in defendant's handwriting and showed the retail value, wholesale value, and the amount paid. The employee provided a photocopy of the list. The Chaveroo employee stated that the connections had been "placed into the new stock and posted into company inventory cards by Earl Jones," the defendant. The employee said that, during the seven years he worked at Chaveroo, defendant had purchased stolen oil field connections so many times from different sources that the employee could not even estimate the number. He also said that information as to stolen items would be posted in red ink, whereas information concerning items acquired through legitimate sources would be posted in black ink and would include a purchase order number or invoice number. The employee said defendant had told him that no one could ever prove he bought stolen property because of the way his business was "set up."

Based on this information, a magistrate issued a search warrant for "Chaveroo Supply [sic] invoices, inventory cards, checkbooks, bank records to include cancelled checks, and any other records that show items bought or sold in the operation of Chaveroo Supply Company." The search warrant was not limited to time. Acting under this search warrant, the sheriff seized business records of Chaveroo. Defendant moved to suppress all evidence seized by the state.

The fourth amendment provides that "no Warrants shall issue, but upon probable cause ... and particularly describing the ... things to be seized." This appeal concerns the particularity requirement. The fourth amendment, made applicable to the states through the fourteenth amendment, prohibits states from using general search warrants that do not describe with particularity the things to be seized. *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed. 2d 431 (1965). "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927). This requirement is aimed at preventing "general, exploratory rummaging in a person's belongings."

*Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038–2039, 29 L.Ed.2d 564 (1971).

The Supreme Court has, however, recognized that a complex criminal investigation may require piecing together "[l]ike a jigsaw puzzle" a number of items of evidence that may not appear incriminating when taken alone. *Andresen v. Maryland*, 427 U.S. 463, 481, n. 10, 96 S.Ct. 2737, 2748–2749, 49 L.Ed.2d 627 (1976). "The complexity of an illegal scheme may not be used as a shield to avoid detection when the State has demonstrated probable cause to believe that a crime has been committed and probable cause to believe that evidence of this crime is in the suspect's possession." *Id.*

■ We hold that the state has demonstrated probable cause to believe defendant was engaged in criminal activity and probable cause to believe that evidence of the crime was in defendant's possession. Based on the roustabout's statement that he sold stolen equipment to defendant at a greatly reduced price and an employee's statement that defendant purchased stolen equipment on numerous occasions, the affidavit provided probable cause to believe defendant had committed the crime of receiving stolen property. Based on the employee's statement that defendant kept track of the stolen equipment by making entries into his inventory records, probable cause existed to believe that defendant's business records contained evidence of defendant having received stolen property.

As the court in *United States v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir.1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983), noted: "It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit." We believe the case before us meets that criteria.

Because of the complexity of defendant's scheme, it was not possible to identify which particular documents contained evidence of criminal activity. Statements by defendant's employee demonstrate that records containing evidence of criminal activity were inseparably mixed with inventory records of legitimate business transactions. Under the circumstances it would have been practically impossible for officials to describe the incriminating documents with greater specificity than provided in the search warrant. Moreover, defendant himself had bragged about the difficulty anyone would encounter in trying to prove he had bought stolen property, because of the measures he had taken to avoid detection.

Defendant argues that the search warrant could and should have described the items with far more specificity. We disagree. First, to limit the search warrant to inventory cards marked with red ink, as defendant suggests, would be meaningless. The criminal nature of the records could be shown only by comparing the inventory cards written in red ink with the legitimate cards written in black ink. The affidavit recites that defendant paid eleven percent of value for the stolen property. In order to demonstrate this, it would be necessary to compare the stolen inventory items with similar items in the legitimate inventory. A similar comparison would be required as to the sources of acquisition.

Nor would it have been reasonable to limit the search warrant only to documents from specific dates and periods of time. The employee stated to the affiant that defendant had bought stolen property and integrated it into his inventory so many times during the employee's seven years of employment that he could not estimate the number of occasions. Under these circumstances, it would not be reasonable to identify every instance where a specific illegal purchase took place. *See State v. Kornegay*, 313 N.C. 1, 326 S.E.2d 881 (1985) (unreasonable to believe bookkeeper informant could recall and identify each document in long-standing fraud scheme).

Defendant relies on cases that have held that all business records may not be seized unless there is probable cause to believe the entire business is a criminal enterprise.

*See, e.g., Williams v. Kunze,* 806 F.2d 594 (5th Cir.1986); *United States v. Kail,* 804 F.2d 441 (8th Cir.1986); *Voss v. Bergsgaard,* 774 F.2d 402 (10th Cir.1985); *United States v. Hershenow,* 680 F.2d 847 (1st Cir.1982); *United States v. Roche,* 614 F.2d 6 (1st Cir.1980). Since the search warrant does not authorize seizure of all of Chaveroo's business records, defendant's reliance on these cases is misplaced. As noted by the state, the search warrant was restricted as to the records to be seized, and did not permit seizure of other records dealing with matters such as personnel, payroll, taxes, insurance, worker's compensation or social security. The cases cited by defendant do not apply.

We hold that the search warrant described the items to be seized with sufficient specificity, given the circumstances and nature of the criminal activity being investigated. Because of the complexity of the illegal scheme, we apply the particularity requirement with a practical margin of flexibility, taking into account the manner in which defendant allegedly set up the scheme and the nature of the seized items. Our holding accords with cases that have considered similar search warrants. *See, e.g., United States v. Sawyer,* 799 F.2d 1494 (11th Cir.1986), *cert. denied sub nom.,* 479 U.S. 1069, 107 S.Ct. 961, 93 L.Ed. 2d 826 (1987); *United States v. Wuagneux; United States v. Timpani,* 665 F.2d 1 (1st Cir.1981); *State v. Hughes,* 433 So.2d 88 (La.1983).

Defendant vigorously contends the state failed to preserve for review the argument that the complexity of defendant's criminal activity precluded a more narrow search warrant being drawn. *See G.M. Shupe, Inc. v. Bureau of Revenue,* 89 N.M. 265, 550 P.2d 277 (Ct.App.1976) (arguments not made below will not be considered on appeal). We reject this contention. The prosecutor argued below that the seizures were justified by the affidavit, which included the confession of the roustabout who sold the goods to defendant, as well as the statements of the employee. That is the argument the state makes on appeal.

For the reasons stated above, we hold that the search warrant in the present case was supported by probable cause and the description of the property to be seized pursuant to the search warrant was sufficiently specific to satisfy the particularity requirement. Accordingly, we reverse the district court's order finding the search warrant to be a general search warrant and suppressing the evidence seized under it.

IT IS SO ORDERED.

GARCIA and APODACA, JJ., concur.