This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 29,407**

**GUSTAVO SOLIS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals the district court denial of his motion to suppress arguing that there was not probable cause to support the warrant to search Defendant's home. Defendant entered a conditional plea on charges of dog fighting, extreme cruelty to animals, cruelty to animals, and contributing to the delinquency of a minor, reserving the right to appeal the district court denial of his motion to suppress. This Court issued a calendar notice proposing to affirm and Defendant has responded by filing a memorandum in opposition which we have duly considered. Defendant has also raised new issues not previously raised in his docketing statement which this Court construes as a motion to amend. For the reasons discussed below and in this Court's notice of proposed disposition, we affirm the district court ruling on Defendant's motion to suppress and we deny Defendant's motion to amend his docketing statement.

**DISCUSSION**

**The Search Warrant was Supported by Probable Cause**

Defendant contends on appeal that the district court erred in denying his motion to suppress, because the warrant to search his home was not supported by probable cause. We recognize that since this Court's calendar notice was entered on May 27, 2009, our Supreme Court has issued an opinion addressing the standard for reviewing whether a search warrant issued by a judge is supported by

probable cause. *See State v. Williamson*, 2009-NMSC-039, __ N.M. __, 137 P.3d 587 (No. 31,174, June 25, 2009) (stating that the reviewing court should not apply a de novo standard of review to search warrants issued by a judge, and articulating the standard of review as requiring "the reviewing court [to] determine whether the affidavit as a whole, and the reasonable inferences that may be drawn therefrom, provide a substantial basis for determining that there is probable cause to believe that a search will uncover evidence of wrongdoing"). We note, however, that even if we were to assume that *Williamson* applied to Defendant's appeal, application of the substantial basis standard articulated in *Williamson* does not change the result in this case.

In this Court's calendar notice, we gave deference to the magistrate's decision, and to the officer's observations, experience and training, in proposing to conclude that it was reasonable for the magistrate to determine that probable cause existed to support issuance of a search warrant. [CN 4-5] In his memorandum in opposition, Defendant continues to argue that the affidavit was insufficient because (1) it did not establish a reasonable inference that the animals belonging to Defendant were being treated cruelly, and (2) it did not establish a reasonable inference that any illegal activity was taking place. [MIO 7] To the extent Defendant is contending that there must be probable cause to support the specific

3

crime of extreme animal cruelty because it was identified in the affidavit, Defendant advanced a similar argument in his docketing statement which this Court previously declined to address because it was unsupported by citation to authority. Defendant now refers this Court to *State v. Moran*, 2008-NMCA-160, 145 N.M. 297, 197 P.3d 1079, in his memorandum in opposition.

We are unpersuaded by Defendant's reliance on *Moran*. In *Moran*, an officer was executing a search warrant in a criminal sexual penetration case (CSP) when he noticed a number of animal skulls and antlers. The officer executing the warrant called a game and fish officer to look around the home and determine if a violation had been committed. *See id.* ¶ 3. This Court found that it was an improper extension of the plain view exception to allow the game and fish officer into the home to investigate, since the game and fish officer was not authorized "by the search warrant issued in the CSP case to conduct an investigation inside Defendant's home into possible violations of game and fish laws." *See id.* ¶¶ 12-13.

Thus in *Moran*, this Court dealt with the plain view exception to the warrant requirement, and did not address the issue presented herein. *See Fernandez v. Farmers Ins. Co.*, 115 N.M. 622, 627, 857 P.2d 22, 27 (1993) (internal quotation marks and citation omitted) ("[C]ases are not authority for propositions not

considered."). Moreover, in *Moran*, the violations being investigated where wholly unrelated to one another, whereas, here, the offense being investigated, arguably dog fighting, related to the treatment of Defendant's dogs and, thus, the allegations of extreme cruelty to animals made in the affidavit. To the extent Defendant relies on the following language from *Moran*, "[t]he warrant must be issued by a neutral and detached magistrate who has determined that there is probable cause to believe that evidence of *criminal activity described with particularity* will be found on the premises designated in the warrant," 2008-NMCA-160, ¶ 8 (emphasis added); [MIO 11], the language emphasized by Defendant refers to the requirement that the *evidence* to be seized be described in the warrant with sufficient specificity and therefore does not support Defendant's argument.

To the extent Defendant continues to argue that the affidavit was insufficient to demonstrate probable cause that *any* illegal activity was occurring at Defendant's home, we remain unpersuaded. As this Court explained in its notice of proposed disposition, the reviewing court gives deference to the magistrate's reasonable factual inferences underlying the probable cause determination. *See State v. Gonzales*, 2003-NMCA-008, ¶ 14, 133 N.M. 158, 61 P.3d 867; [CN 4]. As we proposed to conclude in our calendar notice, information that there were twelve

aggressive Pitbulls staked out in a large cluster behind the home; that each dog was individually tethered and kept apart from the other dogs; that, based on the officer's experience, hobbyist dog fighters tend to have a large number of American Pitbulls or American Staffordshire Terriers chained in such a manner; that, based on the officer's experience, hobbyist dog fighters train dogs to fight with tools such as horse trainers; and, that one dog was chained to such a training device in Defendant's back yard, was sufficient for the magistrate judge to reasonably conclude that a crime was occurring relating to the care and/or training of the Pitbulls at Defendant's home. As pointed out in this Court's calendar notice, training a dog for the purpose of having it participate in a dog fight is a violation of NMSA 1978, § 30-18-9(B) (2007). We therefore conclude that the information provided in the affidavit was sufficient to allow a neutral and detached magistrate to make an independent determination that there was probable cause to believe that a criminal offense was being committed at Defendant's home.

To the extent Defendant continues to rely on *State v. Nyce,* 2006-NMSC-026, 139 N.M. 647, 137 P.3d 587, *overruled on other grounds by Williamson*, 2008-NMCA-160, ¶ 29, to argue that the information submitted to the magistrate judge constituted facially legal activity and did not establish probable cause, *Nyce* also recognized that "ordinary, innocent facts alleged in an affidavit may be

sufficient if, when viewed together with all the facts and circumstances, they make it reasonably probable that a crime is occurring in the place to be searched." *Nyce*, 2006-NMSC-026, ¶ 14. Although *Nyce* acknowledged that "suspicious activity should be the beginning, not the end, of the investigation," *id.* ¶ 22, this Court is unpersuaded that our Supreme Court's decision in *Nyce* requires reversal of the district court order denying Defendant's motion to suppress. In *Nyce*, the affidavit alleged that the defendant purchased iodine and hydrogen peroxide (items that could be used in the production of methamphetamine); that the iodine was purchased in an amount potentially inconsistent with personal use; and that both products were purchased in a lawful yet suspicious manner and were taken to the home in question. The only other information supporting the warrant was the affiant's observations of the hurried manner in which the defendant purchased the items—information which our Supreme Court determined "all serve[d] to 'highlight the ordinary, rather than the sinister,' in terms of what one can observe daily in shopping centers throughout the state." *Id.* ¶ 18.

   In this case, the affidavit provides significantly more information from which probable cause can be inferred than in *Nyce*. Here, the number of dogs, breed of the dogs, and aggressive nature of the animals, along with what appears to be an effort by Defendant to keep the dogs separated from one another, the

7

presence of training equipment at the home, and the attachment of one dog to said training equipment, provide sufficient information from which a magistrate judge could reasonably conclude that Defendant was training the dogs in violation of the dog fighting statute.  As we discussed above, it is sufficient that the evidence the officer communicated to the magistrate judge established probable cause that a crime was occurring, even if the officer did not reference the appropriate violation by name in the affidavit.  *Cf. State v. Anaya*, 2008-NMCA-020, ¶ 13, 143 N.M. 431, 176 P.3d 1163 (filed 2007) (acknowledging that, in the context of traffic stops based on reasonable suspicion, "[t]he subjective belief of the officer does not in itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer's view of the governing law" (alteration in original) (internal quotation marks omitted)); *State v. Muñoz*, 1998-NMCA-140, ¶ 9, 125 N.M. 765, 965 P.2d 349 (ignoring an inappropriate reference to a statute in a citation prepared by the officer and stating that, "[i]f [the officer's] observations provided reasonable grounds to believe that another statute was being violated, . . . the stop was valid, regardless of his incorrect understanding of the law").  We therefore affirm the district court order denying Defendant's motion to suppress.

**Defendant's Motion to Amend**

Defendant raises two additional issues in his memorandum in opposition arguing that (1) all evidence seized should have been suppressed because the warrant did not state with specificity the items to be seized from Defendant's home, and (2) Defendant's statements should be suppressed because they were obtained by exploitation of the illegal search. [MIO 13-15] Because Defendant did not raise these issues in his docketing statement, we address Defendant's addition of these new issues as a motion to amend his docketing statement and deny Defendant's motion.

The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superseded by rule as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). Although we acknowledge that Defendant's motion was timely and demonstrates how the issues raised were preserved below, we deny Defendant's motion to amend because the issues raised are not viable.

Defendant contends that the magistrate failed to describe with particularity what items were to be seized and, as a result, the items seized should have been

suppressed. "The test for particularity is whether an executing officer reading the description in the warrant would reasonably know what items are to be seized." *State v. Patscheck*, 2000-NMCA-062, ¶ 8, 129 N.M. 296, 6 P.3d 498 (internal quotation marks and citation omitted). "A description in a search warrant is sufficient if the description enables the officer to identify the place intended to be searched [or item to be seized] with reasonable effort." *State v. Hinahara*, 2007-NMCA-116, ¶ 9, 142 N.M. 475, 166 P.3d 1129 (alteration in original) (quoting *State v. Rotibi*, 117 N.M. 108, 113, 869 P.2d 296, 301 (Ct. App. 1994)).

Here, the warrant described the evidence to be seized as "an undetermined number of dogs and or other animals, training paraphernalia, pedigree papers, registration papers, health records, photographs, videos, disposable cameras, hard drives, dog food, dog bowls, dog kennels, leashes, chains, dog houses." [RP 82] This description does not appear vague and overbroad as Defendant claims, but is sufficiently particular to instruct the officers as to what items were to be seized from Defendant's residence. *See Patscheck*, 2000-NMCA-062, ¶ 8 (stating that a search warrant is sufficiently particular where it adequately conveys to officers the types of materials sought). Moreover, the items described in the search warrant all appear to be potentially connected with dog fighting or cruelty to animals. *See State v. Gonzales*, 2003-NMCA-008, ¶ 34, 133 N.M. 158, 61 P.3d 867 (finding the

10

search warrant sufficiently particular where all the items sought were potentially connected with the assault described in the affidavit); *State v. Steinzig*, 1999-NMCA-107, ¶ 39, 127 N.M. 752, 987 P.2d 409 (finding the search warrant sufficiently particular where the items described in the warrant were specifically related to the counterfeiting activity at defendant's home).

To the extent Defendant argues that the district court should have suppressed all of the evidence seized because the officers exceeded the scope of the search warrant, Defendant acknowledges that we have not recognized blanket suppression as a remedy for violations of warrants in New Mexico. [MIO 15 (citing *Patscheck*, 2000-NMCA-062, ¶ 12)]. In *Patscheck*, this Court recognized that, at least in the Tenth Circuit, blanket suppression was not a remedy for any violation of a search warrant but only officers' flagrant disregard of the warrant, and that in the absence of flagrant disregard "[t]he remedy for any improper seizure . . . would be suppression of the items improperly seized." *See id.* ¶ 13 (alterations in original). Defendant has not demonstrated that the officers flagrantly disregarded the scope of the warrant. Although Defendant alleges that items not identified in the search warrant were seized, "[a] search is generally not invalidated because some items not listed in a search warrant are seized." *State v. Jacobs*, 2000-NMSC-026, ¶ 41,

129 N.M. 448, 10 P.3d 127. As a result, we see no basis for the blanket suppression Defendant contends the district court erred in not granting.

Finally, because we have concluded that the search was valid, we do not address Defendant's argument that his statements should have been suppressed because they were obtained by exploitation of an illegal search.

**CONCLUSION**

Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court denial of Defendant's motion to suppress and we deny Defendant's motion to amend his docketing statement.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**RODERICK T. KENNEDY, Judge**