This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 34,358**

**DOUGLAS OAKES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**William C. Birdsall, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Defendant appeals his misdemeanor convictions, pursuant to a conditional plea [RP 76, 77], for attempt to commit a felony, to wit possession of a controlled substance (methamphetamine) and for possession of drug paraphernalia. [RP 88] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and thus affirm.

{2} In issue (1), Defendant continues to argue that the search warrant was not supported by probable cause. [DS 3; RP 33, 45, 51, 60; MIO 3] *See generally State v. Evans*, 2009-NMSC-027, ¶ 10, 146 N.M. 319, 210 P.3d 216 (providing that probable cause exists when "there are reasonable grounds to believe that a crime has been committed in that place, or that evidence of a crime will be found there"); *State v. Williamson*, 2009-NMSC-039, ¶ 29, 146 N.M. 488, 212 P.3d 376 (reviewing the sufficiency of an affidavit submitted in support of the issuance of a search warrant under a substantial basis standard).

{3} In contesting the issuance of the warrant, Defendant asserts that the officer searched his vehicle "simply because he had a spoon hanging in his window [that] the officer believed was used to do drugs." [MIO 1] However, the affidavit provided much more information than the officer's observation of the bent spoon. As detailed in our notice, the affidavit also recited the officer's observations of Defendant's actions, from which it could be reasonably inferred that Defendant was trying to

2

conceal items. [RP 52] We accordingly hold that the affidavit was supported by probable cause. *See generally State v. Gurule*, 2013-NMSC-025, ¶ 14, 303 P.3d 838 (recognizing that "[p]robable cause determinations are not subject to bright line rules but rather are to be based on the assessment of various probabilities in a given factual context").

{4}     As related to issue (1), Defendant continues to argue in issue (2) that the affidavit for the search warrant failed to satisfy the particularity requirement on the asserted basis that the officer searched areas of the vehicle, including the trunk [MIO 6, 8], that were not specifically described in the affidavit for search warrant. [DS 3; RP 34-35; MIO 6] *See generally State v. Sabeerin*, 2014-NMCA-110, ¶ 26, 336 P.3d 990 (recognizing that both the federal and New Mexico constitutions require that a search warrant particularly describe the "things to be seized" and that "[t]he particularity requirement ensures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause" (internal quotation marks and citation omitted)).

{5}     As we set forth in our notice, the affidavit described the vehicle to be searched as: "[a] red Cadillac passenger vehicle bearing NM 486RFP. VIN#1G6KD54Y03U117894. Registered to Douglas Oakes." [RP 51] In addition, the affidavit set forth the officer's belief – based on his observations as related in issue

(1)—that the vehicle concealed "[p]ossession of a controlled substance, and possession of drug paraphernalia." [RP 51] Given the officer's observation of suspected drug paraphernalia in the vehicle, together with Defendant's subsequent concealing movements, we hold that the affidavit's description of the specific vehicle to be searched for drug crimes satisfies the particularity requirement, without any additional requirement for specific places to be searched within the vehicle. *See State v. Evans*, 2009-NMSC-027, ¶ 10 (providing that probable cause exists when "there are reasonable grounds to believe that a crime has been committed in that place, or that evidence of a crime will be found there"). Thus, for purposes of satisfying the particularity requirement, it is enough that the specific vehicle and the suspected drug crimes as connected to the vehicle were identified. *Cf. State v. Jones*, 1988-NMCA-058, ¶ 5, 107 N.M. 503, 760 P.2d 796 (recognizing that "[t]he [F]ourth [A]mendment . . . prohibits states from using general search warrants that do not describe with particularity the things to be seized"); *State v. Hamilton*, 2012-NMCA-115, ¶ 13, 290 P.3d 271 (recognizing that "when law enforcement wishes to search two houses or two apartments, it must establish probable cause as to each." (internal quotation marks and citation omitted)).

{6}     For the reasons above and fully discussed in our notice, we affirm.

{7}     **IT IS SO ORDERED.**

4

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**