This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

     Plaintiff-Appellee,

v.

**JOHNNY JOE MARTINEZ**,

     Defendant-Appellant.

**NO. 30,957**
**(consolidated with: 30,962;**
**30,963; 30,964; 30,965;**
**and 30,966**)

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert Mitchell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Will O'Connell, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant has filed six appeals from the district court's order revoking his probation, affecting what appears to be five different criminal cases against him. We issued an amended notice of proposed summary disposition consolidating the appeals

and proposing summary affirmance. Defendant has filed a memorandum in opposition to our notice and a motion to amend the docketing statement. We have duly considered Defendant's response. For the reasons stated below, we deny the motion to amend the docketing statement. Because we are not persuaded by Defendant's remaining arguments, we affirm the district court's order revoking Defendant's probation.

**MOTION TO AMEND**

Defendant seeks to amend the docketing statement to add the argument that this Court should remand the case for a new evidentiary hearing because he either has become aware or has come into possession of a surveillance video from Love's Country Store that proves that he was not shoplifting. [MIO 4-5] This issue is pursued under the demands of *State Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 4]

In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not

originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). Nevertheless, this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as stated in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

In the current case, we deny Defendant's motion to amend because this issue must be raised for the first time in district court, not in this Court, and it is more in the nature of seeking habeas corpus relief, which we lack jurisdiction to grant. *See, e.g.*, *Case v. Hatch*, 2008-NMSC-024, 144 N.M. 20, 183 P.3d 905 (reviewing the district court's denial of a petition for habeas relief where the defendant sought a new trial on grounds of newly discovered evidence); *see also* Rule 5-802(B) and (H)(2) NMRA (requiring the petition for writ of habeas corpus to be filed with the district court and giving the Supreme Court exclusive jurisdiction over habeas appeals). We also note that shoplifting did not form any basis for the revocation of Defendant's probation. [RP 84-85, 180] For these reasons, we deny Defendant's motion to amend.

4

**DOCKETING STATEMENT ISSUES**

Defendant continues to argue that (1) insufficient evidence supports the finding that he violated his probation [MIO 5-6], (2) the district court applied the incorrect standard of proof [MIO 7-8], (3) the district court denied Defendant due process by permitting testimonial hearsay at the probation revocation hearing [MIO 8-10], and (4) the district court abused its discretion by permitting a non-listed witness to testify and to remain in the courtroom as a "case agent" during the testimony of the other witnesses. [MIO 11-12]

**Sufficiency of the Evidence and the Standard of Proof**

"[P]roof presented at probation revocation hearings need only establish reasonable certainty to satisfy the trial court of the truth of the violation, and need not be proof beyond a reasonable doubt." *State v. Sanchez*, 2001-NMCA-060, ¶ 11, 130 N.M. 602, 28 P.3d 1143.

The district court revoked Defendant's probation on the basis that (1) Defendant stole handcuffs when he escaped from the Tucumcari Police Department (a larceny), in violation of the condition that Defendant would not violate any laws of the State, and (2) he was in possession of three magazine clips of 45-caliber bullets, in violation of the condition that Defendant would not possess firearms or ammunition. [RP 84-85, 180]

In response to our notice that set forth the evidence support the violations, Defendant contends that there was no evidence that Defendant intended to permanently take the handcuffs without adopting a preposterous view of the facts. [MIO 6] We disagree. The facts are plain. While the officers were searching for a firearm, Defendant intentionally escaped while handcuffed and never returned with Officer Taylor's set of handcuffs. [RP 88, 168] This is sufficient evidence to support a finding that Defendant intended to take the handcuffs and not return them. Also, Defendant argues that there was insufficient evidence that Defendant possessed the ammunition, because there was only evidence that an officer found the ammunition under his car after Defendant was in the vicinity. [MIO 6] On the facts and grounds stated in our notice, we believe the evidence was sufficient and note again that "[p]roof of possession may be established by evidence of the conduct and actions of a defendant and by circumstantial evidence connecting defendant with the crime." *State v. Donaldson*, 100 N.M. 111, 119, 666 P.2d 1258, 1266 (Ct. App. 1983) (citation omitted). For these reasons and those in our notice, we hold that the evidence was sufficient to establish by a reasonable certainty that Defendant violated the terms of his probation.

6

**Testimonial Hearsay**

Defendant argues that the district court denied him due process by admitting testimonial hearsay at the revocation hearing. [MIO 8-10] As Defendant's response has recognized, the Supreme Court recently issued its opinion in *State v. Guthrie*, 2011-NMSC-014, __N.M. __, __ P.3d __, lessening the "good cause" showing for not requiring witness confrontation before revoking a defendant's probation based on hearsay under the right to due process. The Supreme Court held that "good cause" in this context requires "considerations of pragmatism and fairness and the utility of confrontation in a particular factual context." *Id.* ¶ 33. Mindful of the flexibility of due process to provide fundamental fairness under the circumstances, the Court instructed us to "consider the necessity for, and utility of, confrontation with respect to the truth-finding process in the specific case before [us]." *Id.* ¶ 21.

In the case at hand, Defendant states that trial counsel was unable to remember the alleged hearsay testimony beyond the fact that it was given by one officer regarding what that officer had been told by another officer. [MIO 8] Given that *Guthrie* requires that the hearsay testimony was crucial to the revocation of the defendant's probation for due process to remedy the unfairness, we may presume that the hearsay testimony from the officer in this case was not important enough to recall. Furthermore, there is no indication that Defendant contests the underlying facts that

7

formed the basis for the revocation of Defendant's probation. Rather, Defendant's appeal argues that the uncontested facts are insufficient to support the revocation. As a result, we are not persuaded due process and fundamental fairness would require Defendant to confront the absent officer about the statement because, as a practical matter, there is no indication that it would serve the truth-finding process in this case.

**Non-listed Witness in the Courtroom**

Defendant argues that the district court abused its discretion by permitting a non-listed witness to testify at the hearing and by permitting her to listen to the testimony of all the other witnesses before testifying herself. [MIO 11-12]

We stated in our notice that Defendant did not identify the witness or the testimony below to which he objected. Defendant did not explain the meaning or significance of the witness's role as a case agent. Also, Defendant did not specifically identify the nature of the objection he raised below. We further stated that to the extent that Defendant attempted to raise a due process argument, he must demonstrate that the defense was prejudiced by the admission of the testimony because of the late disclosure. *See State v. DeBorde*, 1996-NMCA-042, ¶ 14, 121 N.M. 601, 915 P.2d 906 (holding that due process requires a showing that a claimed discovery violation in probation revocation proceedings prejudiced the defense and thus the outcome of the trial). Lastly, we explained that we were not persuaded that Defendant properly

8

preserved these matters below. We explained to Defendant that in any response Defendant may wish to file, he must state how the issue was preserved, the testimony to which he objected, whether admission of Ms. Muller's testimony was harmless, the State's arguments in opposition, the grounds for the district court's ruling, and establish the prejudice described above. Without this information, we warned him that we would not reach the merits and presume the district court did not err by admitting the testimony.

Defendant's response has not provided us with any of this information. Therefore, we do not reach the merits of the issues and we presume the correctness and regularity of the district court's rulings.

For the reasons discussed in our notice and in this opinion, we affirm the district court's order revoking Defendant's probation.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**