This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                      **No. 32,437**

**RONNIE BARQUIST,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**John M. Paternoster, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Defendant Ronnie Barquist appeals his convictions for manufacturing methamphetamine, possession of methamphetamine, and possession of a prescription drug without a prescription. In our notice of proposed summary disposition, we

proposed to affirm. Barquist has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Barquist's arguments, we affirm.

**Sufficiency of the Evidence**

{2} Barquist contends that none of his convictions was supported by substantial evidence. In this Court's notice of proposed summary disposition, we proposed to hold that, viewing the direct and circumstantial evidence in the light most favorable to the verdict, the evidence was sufficient to support all three convictions. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (stating that an appellate court will review the evidence introduced at trial in the light most favorable to the verdict to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction").

{3} In Barquist's memorandum in opposition, he claims that the evidence of his constructive possession of the methamphetamine and the prescription drugs was insufficient because other people had access to the residence. [MIO 8-13] However, Barquist's argument views the evidence in the light most favorable to his position, rather than in the light most favorable to the verdict. Barquist characterizes the evidence as follows:

> [I]n this case, the only evidence connecting [Barquist] to
> methamphetamine and Lorazepam was the fact that he previously lived

in a trailer where he continued to store some of his personal belongings in a suitcase which was found near a mason jar containing methamphetamine and someone else's fingerprints and a pill bottle containing Lorazepram that was prescribed to [Barquist's] uncle. Nothing the State introduced showed that [Barquist] possessed either of these drugs. Instead, the jury was permitted to infer that [Barquist] possessed both of them because he used to live there, left some personal items in the trailer and currently worked on the property for the owner, along with others.

[MIO 9-10]

{4} Barquist's recitation of the facts disregards the evidence that after he was evicted, Barquist still retained a key to the home and was the only person who had a key. [DS 3; RP 170] Barquist had access to both the home and the garage, and permission to store things in the garage. [DS 2, 3] The owner of the property testified that none of the items used as evidence in the case belonged to him and that they could not have belonged to a prior tenant, since the premises had been cleaned after the prior tenant moved out. [RP 170] There was evidence that someone had made a bed in the home and was sleeping there, and the items near the bed and elsewhere in the trailer had Barquist's name on them. [RP 9-10; 166, 174-75] This evidence, taken together and viewed in the light most favorable to the verdict, was sufficient evidence that Barquist was living in the trailer, that he was the only person living there, and that the things in the trailer were therefore known to him and within his control. The mason jar that contained methamphetamine was located in the trailer's sleeping area that had

3

been blocked off with a blanket. [DS 3; RP 177, 179] And the prescription pills that were found were for a prescription belonging to Barquist's uncle. [DS 6; RP 10] This evidence was sufficient to demonstrate constructive possession of the methamphetamine and prescription drugs found near Barquist's sleeping area. *See State v. Donaldson,* 100 N.M. 111, 118, 666 P.2d 1258, 1265 (Ct. App. 1983) (holding that there was sufficient evidence of constructive possession of items in an apartment where the evidence supported a finding that the defendant was the only one who resided in the apartment).

{5}     With respect to his conviction for manufacturing methamphetamine, Barquist asserts that the evidence was insufficient because the equipment that witnesses said could be used to manufacture methamphetamine had never been tested to determine whether it had in fact been so used. [MIO 8] However, the equipment was not the only evidence presented—there was also the mason jar containing methamphetamine. Viewing the evidence of the equipment and the methamphetamine together in the light most favorable to the verdict and drawing such reasonable inferences from such evidence, we hold that there was sufficient evidence that Barquist had manufactured methamphetamine.

**Admission of Opinion Testimony**

**{6}** In Barquist's docketing statement, he argued that the district court erred in permitting several officers to give their opinions that the materials found on the premises appeared to be parts of a dismantled methamphetamine lab. In our notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in permitting the officers to give their opinion that the items they found on the premises appeared to be a dismantled methamphetamine lab, since the officers first testified that they had specific training in identifying methamphetamine labs or that their experience as officers provided them with knowledge about such labs. *See* Rule 11-702 NMRA ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.").

**{7}** In Barquist's memorandum in opposition, he asserts that the evidence could not have been helpful to the trier of fact because there was no evidence that the equipment had actually been used as a lab; instead, the evidence was only relevant to the fact that the equipment could be used to manufacture methamphetamine in the future. [MIO 16] It does not appear that this distinction, of past, actual use as opposed to potential future use, was the basis of his objections at trial [DS 4 (stating generally that the

objection was to the officers' qualifications)], and it therefore does not appear that Barquist's objections were sufficiently specific to preserve this argument. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 ("In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a ruling thereon then be invoked." (internal quotation marks and citation omitted)); *see State v. Granillo-Macias*, 2008-NMCA-021, ¶ 11, 143 N.M. 455, 176 P.3d 1187 (same). Barquist therefore has failed to demonstrate reversible error.

**{8}** However, even if the argument was preserved, as we have discussed above, the combination of the equipment and the jar of methamphetamine, when taken together, was evidence upon which a reasonable juror could conclude that the equipment had already been used to manufacture methamphetamine. Therefore, assuming that Barquist is correct that evidence of past use is a necessary precondition for the officer's opinion that the equipment was a dismantled methamphetamine lab, that precondition was met and the opinion testimony was relevant.

**{9}** Barquist also asserts that one of the police officers was not qualified as an expert, and therefore could not testify pursuant to Rule 11-702, and could only testify pursuant to Rule 11-701. [MIO 15] Barquist asserts that the officer was not qualified

6

under Rule 11-702 because he was not an expert in "methamphetamine lab detection." [MIO 15] Barquist does not explain what qualifications he believes are necessary in order to provide a person with expertise in methamphetamine laboratories and their components, but we hold that the district court did not abuse its discretion in determining that the officer's thirteen years with the county sheriff's department, his eight years of experience prior to that with a city police department, his training regarding controlled substances in general and regarding methamphetamine labs in particular were sufficient to qualify him based on his experience and training to testify as to his opinion that the equipment in question was used for a methamphetamine lab. [RP 176-77] Accordingly, the testimony was proper under Rule 11-702.

**Defendant's Sentence**

{10}    In our notice of proposed summary disposition, we noted that in sentencing Barquist, the district court imposed a condition that Barquist not enter the State of New Mexico for five years. [RP 197] We indicated that it appeared that this condition constitutes banishment, which is against New Mexico's public policy. *See State v. Charlton*, 115 N.M. 35, 38, 846 P.2d 341, 344 (Ct. App. 1992). However, we said that as Barquist had not challenged this aspect of his sentence in his docketing statement, we would not address it.

7

**{11}**     In Barquist's memorandum in opposition, he states that he is not challenging this aspect of his sentence on appeal as he believes it may be corrected once mandate is issued in this case.  [MIO 6, n.1]  As Barquist has expressly elected not to challenge this aspect of his sentence, we make no decision about its propriety.

**{12}**     Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**{13}**     **IT IS SO ORDERED.**


_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**